UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>MIGUEL SANDOVAL-LOPEZ,<br><br>                Defendant. | No. CR-10-005-FVS<br><br>ORDER DENYING MOTION TO VACATE JUDGMENT AND SENTENCE |

**THIS MATTER** comes before the Court based upon a letter Miguel Sandoval-Lopez submitted to the Court.

**BACKGROUND**

A jury convicted Miguel Sandoval-Lopez of the crime of Alien in the United Sates after Deportation. 8 U.S.C. § 1326. The Court sentenced him to a term of 63 months imprisonment. Judgment was entered on February 4, 2011. It was affirmed on October 27, 2011. Mandate issued on November 18, 2011. Mr. Sandoval-Lopez had 90 days in which to file a petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). There is no indication he filed one. Consequently, the judgment became final on or about February 17, 2012. Mr. Sandoval-Lopez had one year from that date in which to seek habeas relief. 28 U.S.C. § 2255(f)(1). He did not do so. However, on December 8, 2014,

Order - 1

the Clerk of the Court received a letter from Mr. Sandoval-Lopez. He writes:

> I am respectfully requesting to return back to court. There has been false testimony against me about how I entered into the United States. I would like to clarify this false testimony by telling you the truth. I believe my appointed lawyer did not represent me or defend me to the best of his ability. Please allow me to return back to court.

(Letter of December 8, 2014, at 1.)

**RULING**

Mr. Sandoval-Lopez appears to be alleging his trial attorney did not provide constitutionally effective assistance. He appears to be attacking the judgment and sentence on that basis. Consequently, the Court construes his letter as a motion for relief under 28 U.S.C. § 2255. The problem with his motion is this: it appears to be untimely. Absent some basis for equitably tolling the one-year limitations period that is set forth in § 2255(f)(1), his motion to vacate must be denied. In order to qualify for tolling, he must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *United States v. Castro-Verdugo*, 750 F.3d 1065, 1071 (9th Cir.2014) (internal punctuation and citation omitted). To date, he has made no such showing.

**IT IS HEREBY ORDERED:**

Miguel Sandoval-Lopez's motion to vacate (ECF No. 109) is **denied**;

Order - 2

provided, he may move for reconsideration if satisfies two requirements:

    (a) he files a motion for reconsideration within 60 days of the date upon which this order is entered; and, more importantly

    (b) his provides a factual and legal basis for believing he qualifies for equitable tolling.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to Mr. Sandoval-Lopez and to counsel for the United States.

**DATED** this ___10th___ day of December, 2014.

>         s/Fred Van Sickle
>         Fred Van Sickle
> Senior United States District Judge

Order - 3